IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JAMES E. McFERGUSON, #07087-007         :

    v.                                      :         Civil Action No. AMD-07-1072

LISA HOLLINGSWORTH, Warden, et al.,     :
...o0o...

MEMORANDUM

Now pending is a pro se § 28 U.S.C. § 2241 petition for writ of habeas corpus filed by James E. McFerguson, an inmate at the Federal Correctional Institution-Cumberland, Maryland, challenging the calculation of his federal sentence. Petitioner requests vacatur of his sentence and release from custody. Respondents have filed a response to which petitioner has replied. Upon review of the pleadings, exhibits, and applicable law, the court determines a hearing is unnecessary. The petition will be dismissed for the reasons that follow.

Background

Petitioner was sentenced in 1998 in the Superior Court for the District of Columbia to an aggregate sentence of 12 years for second-degree burglary, 240 days for escape and 120 days for second-degree burglary and theft. The U.S. Parole Commission ("Commission") conducted petitioner's initial parole hearing on August 2, 2001. In a notice of action dated September 7, 2001, the Commission denied parole and continued the case to a three-year consideration hearing in August 2004.

The Commission held a reconsideration hearing on July 21, 2004. On August 11, 2004, the Commission continued petitioner to a presumptive parole of January 7, 2006. Prior to parole, petitioner was transferred to a Community Corrections Center. While there, petitioner was arrested

for another burglary and charged with escape.[1] The Commission reopened the case, retarded the presumptive parole date, and scheduled a rescission hearing.

On March 16, 2006, petitioner plead guilty to attempted burglary II in Superior Court and was sentenced to a term of 22 months incarceration and three years supervised release. The sentence was imposed to run consecutively to any other sentence.

On September 12, 2006, a hearing examiner conducted petitioner's rescission hearing. On October 4, 2006, the Commission rescinded the parole date and notified petitioner that he would continue serving the remainder of his sentence. The Notice of Action stated:

> After consideration of all relevant factors and information presented, a decision above the guidelines is warranted because you are a more serious risk than indicated by the guidelines in that you committed a Residential Burglary while serving a sentence for Multiple Burglaries during a period of placement at a Community Corrections Center. Additionally, you have a long history of serious criminal behavior. The likelihood of future crime is high.

Resp. Ex. 9. The Bureau of Prisons ("BOP") has computed the expiration of petitioner's full-term sentence to be June 25, 2012. With a projected eighty-six days of good conduct time, petitioner's projected release date is March 31, 2012.

## Analysis

Petitioner's first claim is that the Commission lacks authority over his sentence. Specifically, he posits the Commission's authority in regard to District of Columbia offenders violates the separation of powers doctrine. Petitioner's second claim is that he is being denied good time credits by the BOP.

As to petitioner's separation of powers claim, the Commission exercises jurisdiction over

---

[1] Petitioner failed to return to the Community Corrections Center as a result of his arrest.

District of Columbia felony prisoners pursuant to the National Capital Revitalization and Self-Government Improvement Act of 1997, Pub. L. No 105-33§ 24-131(a), and is authorized to revoke parole or modify conditions of such offenders.[2] If a parolee violates the conditions of his release, the Commission is authorized to issue a "warrant for the apprehension and return of the offender to custody." 28 C.F.R. § 2.20. Plainly, the Commission does not exercise a judicial function and there is no violation of the separation of powers doctrine.[3] Consequently, this claim is without merit.

As to the denial of "good time" credits under 18 U.S.C. § 3624, petitioner acknowledges he has yet to raise this claim through the administrative remedy procedure process provided by the BOP. Pet, p. 6; Resp. Ex. 10. A petitioner must exhaust administrative remedies before bringing a claim in a §2241 action. *See Brown v. Smith*, 828 F.2d 1493, 1495 (10th Cir. 1987).[4] The BOP has

---

[2]*See* D.C. Code § 24-131 ("the United States Parole Commission shall assume any remaining powers, duties, and jurisdiction of the Board of Parole of the District of Columbia, including jurisdiction to revoke parole and to modify the conditions of parole, with respect to felons."). The D.C. Code further provides:
> The Agency [Court Services and Offender Supervision Agency] shall supervise any [D.C.] offender who is released for imprisonment for any term of supervised release imposed by the Superior Court of the District of Columbia. Such offender shall be subject to the authority of the United States Parole Commission until completion of the term of supervised release. The United States Parole Commission shall have and exercise the same authority as is vested in the United States district courts by paragraph (d) through (l) of §3583 of Title 18, United States Code.

D.C. Code §24-133 (formerly codified at §24-1233).

[3]*See Geraghty v. United States Parole Commission,* 719 F.2d 1199, 1211-12 (3rd Cir. 1983); *Artez v. Mulcrone*, 673 F.2d 1169, 1170 (10th Cir. 1982) ("In granting or denying parole, the Parole Commission does not modify a trial court's sentence, but merely determines whether the individual will serve the sentence inside or outside the prison wall."); *Page v. United States Parole Commission*, 651 F.2d 1083, 1085 (5th Cir. 1981); *Montgomery v. United States Parole Commission,* 2007 WL 1232190 (D.D.C. April 26, 2007); *Morrison v. United States Parole Commission*, 2006 WL1102805 at 2 (D.D.C. 2006).

[4]*See e.g. Asare v. U.S. Parole Commission*, 2 F. 3d 540, 544 (4th Cir. 1993); *Pelissero v. Thompson*, 170 F.3d 442, 445 (4th Cir. 1999); *McClung v. Shearin*, 90 Fed. Appx. 444 (4th Cir.

established an Administrative Remedy Program for inmates to resolve concerns related to their confinement. *See* 28 C.F.R. § 542.10 *et seq.* An inmate may first attempt informal resolution. If the inmate is unable to resolve his complaint informally, he may file a formal written complaint on the proper form within 20 days of the date of the occurrence on which the complaint is based. *See* 28 C.F.R. §542.14. If the inmate is not satisfied with the Warden's response to the formal complaint, he may appeal, using the appropriate form, to the Regional Director within 20 days of the Warden's response. *See* 28 C.F.R. § 542.15(a). If the inmate is still dissatisfied, he may appeal the Regional Director's response to the Office of the General Counsel, located in the BOP Central Office in Washington, using the appropriate forms, within 30 days. *See id.* An inmate is not deemed to have exhausted his administrative remedies until he has pursued his grievance through all levels. *See* 28 C.F.R. §542.15(a). Petitioner has yet to exhaust his claims through the administrative process; accordingly, this claim will be dismissed for failure to exhaust administrative remedies.

Conclusion

For the reasons stated herein, the court will dismiss the petition.


Date: October 18, 2007                                    _/s/_____
                                                          Andre M. Davis
                                                          United States District Judge

---

2004); *Miller v. Clark,* 958 F. 2d 368 (4th Cir. 1992) (table).